AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JEAN CARLOS SANCHEZ ROJAS and<br>VICTOR FOSSI GRIECO,<br>*Defendant(s)* | Case No. 19-6451-HUNT |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **September 20, 2019** in the county of **Broward** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 545 | Smuggling Goods into the United States |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Shauna Willard, HSI Special Agent
*Printed name and title*

Telephonically
Sworn to before me and signed in my presence.

Date: 9-22-19

*Judge's signature*

City and state: Ft. Lauderdale, Florida

U.S. Magistrate Judge Patrick M. Hunt
*Printed name and title*

## **AFFIDAVIT**

Your affiant, SHAUNA WILLARD, being duly sworn, states as follows:

1. I am a Special Agent with Homeland Security Investigations ("HSI"). I have been employed with HSI since March 15, 2004. I am currently assigned to a group that investigates, among other things, money laundering, bulk cash smuggling, and fraud.

2. This affidavit is submitted in support of a criminal complaint charging Jean Carlos SANCHEZ ROJAS and Victor FOSSI GRIECO, with smuggling goods into the United States, in violation of Title 18 United States Code, Section 545.

3. The information in this affidavit is based on my personal knowledge, information provided to me by others, including other law enforcement officials and civilian witnesses, as well as my review of documents associated with the case. Because this affidavit is submitted for the limited purpose of demonstrating probable cause, it does not contain all of the information known to me or other law enforcement officers about this case.

4. On September 20, 2019, passenger SANCHEZ ROJAS and pilot, FOSSI GRIECO, both Venezuelan nationals, arrived at Fort Lauderdale Executive Airport from Caracas, Venezuela on a private airplane with tail number YV3325.

5. Upon arrival at the inspection station at Fort Lauderdale Executive Airport, Customs and Border Protection ("CBP") officers conducted an examination of the private airplane. CBP officers observed loose rivets on the nose compartment of the airplane. Inside the nose compartment of the airplane, CBP officers discovered numerous bars of gold under a solid metal covering.

6. Upon arrival at Fort Lauderdale Executive Airport, SANCHEZ ROJAS completed a United States currency reporting form from an automated kiosk. SANCHEZ ROJAS declared

on the form that he and his wife were carrying $24,000 in United States currency, but did not declare any other items.

7. After being read his Miranda rights by law enforcement officers, and agreeing to waive those rights, SANCHEZ ROJAS stated he knew about the gold on the plane and had obtained the gold from multiple sources in Venezuela. SANCHEZ ROJAS stated he intended to transport the gold into the United States for sale. SANCHEZ ROJAS stated he knew the organization had smuggled gold previously into the U.S. and that he would receive a fee for his involvement with the gold smuggling. SANCHEZ ROJAS said he knew that he had to report the gold in his customs declaration, but did not do so.

8. Upon arrival at Fort Lauderdale Executive Airport, FOSSI GRIECO met with CBP Officers and stated he did not have anything to declare upon entry to the United States.

9. After being read his Miranda rights by law enforcement officers, and agreeing to waive those rights, FOSSI GRIECO stated that he met persons in Venezuela to pick up the gold and that he stored the gold in the nose compartment of the plane. FOSSI GRIECO said he stored the gold in Venezuela for two days in the nose of the airplane prior to the flight to Fort Lauderdale Executive Airport. FOSSI GRIECO stated that he would receive a commission upon successful delivery of the gold. FOSSI GRIECO said he knew that he had to report the gold in his customs declaration, but did not do so.

10. Law enforcement officers weighed the gold seized from the plane and it weighed approximately 230 pounds. The gold has an estimated value of around $5 million dollars.

11. Based on the foregoing facts, your affiant respectfully submits that probable cause exists to believe that, on or about September 20, 2019, in Broward County, in the Southern District of Florida, the defendants Jean Carlos SANCHEZ ROJAS and Victor FOSSI GRIECO

did knowingly and willfully, with intent to defraud the United States, smuggle, or clandestinely introduce or attempt to smuggle or clandestinely introduce into the United States any merchandise which should have been invoiced, in violation of Title 18, United States Code, Section 545.

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

*[signature]*
SHAUNA WILLARD
Special Agent
Homeland Security Investigations

Telephonically
Subscribed and sworn to before me on this
22ⁿᵈ day of September, 2019 in Fort Lauderdale, Florida.

*[signature]*
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE